NicholsoN, C. J.,
delivered the opinion of the Court.
Under the provisions of the Code, sec. 1142 et seq., authorizing counties to subscribe for stock in railroads, the county of Humphreys subscribed for $30,000 of stock in the Nashville & Northwestern Railroad Co., to be paid for in three annual installments.
The first installment and most of the second were raised by taxation, as provided by law, and paid over to the company. Before the County Court made an assessment of taxes to raise the third installment, James H. McAdoo filed his attachment and injunction bill to have a claim due him by the company, for labor and materials, satisfied out of the residue of the second installment in the hands of the Collector and the whole of the third installment. The Nashville and Northwestern Railroad Company, the county of *587 Humphreys, and Cooley the Tax Collector, were made defendants, and the balance unpaid on the second installment, as well as the entire third installment, were attached and enjoined.
On the 12th of July, 1869, a decree was rendered in which it appeared to the Chancellor that there were due to the railroad company a balance of $409.56 on the second installment in the hands of Cooley, the Tax Collector, and the whole of the third installment amounting to $10,000, on which amounts the interest to the date of this decree was $1,874.17, making $12-283.73, principal and interest, due the railroad company by the county of Humphreys. It further appeared that complainant MeAdoo and the railroad company had settled the amount due from the latter to the former at $5,500.
Thereupon, the Chancellor decreed that the Nashville & Northwestern Railroad Co. recover of the county of Humphreys the sum of $12,283.73, and interest until paid; that Cooley, the Tax Collector, pay over to • the company the balance in his hands, to be audited on the said judgment of $12,283.73, which amount should be paid out of the taxes already assessed and those thereafter to be assessed; and the Chancellor retained the power to make an order for the enforcement of the assessment, if such should become necessary.
It was further decreed, by the consent of the .complainant MeAdoo and the company, that the sum decreed to the latter should be subjected to the payment of the $5,500 with interest found due, to Me- *588 Adoo, and, by like consent, the balance to be paid as specified in the decree.
To review and reverse this decree, the county of Humphreys filed its bill of review for error apparent on its face. The first error relied on is, that the county was not represented by counsel having authority to represent it when the decree was made. It appears that when the original bill was filed, the county retained counsel and filed its answer; but that after-wards, when an amended bill was filed, the County Court had been superseded by commissioners, who employed another attorney to answer the amend" ', bill. This attorney simply adopted the answer filed by the former attorney to the original bill, nor do we see that the decree was in any respect affected or controlled by the change of the counsel. We do not see that any consent was given by the last appointed attorney for a decree against the county, or that he failed in any to discharge his duty in the case.
The next error relied on is, that the Chancellor gave judgment against the county for the amount of the third installment of $10,000, and interest, $1,874.17.
It was determined in the case of the Louisville and Nashville Railroad Company v. The County of Davidson, 1 Sneed, 688, that when the people of a county have voted in favor of a subscription of stock to a railroad, in pursuance of the law, a debt is thereby created against the county. But when the railroad company accepts the subscription so made, it does so in view of the law which prescribes the mode in which it is to be paid. The company thereby agrees *589 to look to the taxes which the law requires the County Court to have assessed, collected, and paid over to the company. If the County Court should refuse to make the necessary assessment of taxes, the law authorizes the company to apply to the Circuit Court for a mandamus to compel the enforcement of the contract.
It is clear, therefore, that the county of Hum-phreys was bound by the vote of its citizens to raise the amount of its subscription, and to pay it over to the company. It is clear, also, that the company had a right to enforce this obligation by resort to a mandamus ; but as it was an obligation resting entirely upon the statutory provision, we are of opinion that it could be enforced only in the mode pointed out by the statute. It was therefore erroneous to render a judgment in favor of ‘ the company against the county for the amount of the unpaid subscription. But it would have been competent for the Chancellor to render a decree in favor of McAdoo for the amount agreed to be due against the company, and to have made provision as agreed upon to secure a preference over the other parties admitted by the company to be its creditors. It would have been competent also to decree that McAdoo had secured a lien by his attachment and injunction upon the amount of the unpaid subscription owing by the county of Humphreys, and to have secured to him the right of the company to apply to the Circuit Court for a mandamus, in the event the County Court should refuse to make the necessary assessment of taxes, and to order the taxes *590 when collected to be paid over to McAdoo, and the other creditors provided for, and not to the company.
It is next insisted that the decree was erroneous in allowing interest on the unpaid subscription. We have already stated that the railroad company accepted the subscription, to be paid in the manner prescribed by the statute. It was to be paid by taxes, to be assessed and collected by the County Court.
The subscription was for a specific amount, to be raised by that amount of taxes; and until the taxes should be assessed and collected the company could not receive payment. The County Court had no other power except that conferred by the statute, and that was limited to, the collection of the specific amount of the subscription. It does not appear that the company demanded an assessment of the taxes by •the County Court: it appeal’s rather that the assessment was prevented by the attachment . and injunction issued under the original and amended bills.
The County Court now- has no power to make an assessment for any amount beyond the unpaid subscription.
• For the error indicated, the decree will be reversed, and a decree entered now in accordance with this opinion. The costs of the cause in this Court and in the Court below will be paid by the county of Humphreys out of the taxes assessed to pay the unpaid subscription.